**Donald R. CURTIS, Appellant,**

v.

**MITCHELL–VINCENT COMPANY, Appellee.**

No. 4070.

Court of Civil Appeals of Texas.

Waco.

Nov. 8, 1962.

Rehearing Denied Nov. 29, 1962.

Gerald Weatherly, Laredo, for appellant.

John M. Lawrence, III, Wm. B. Langford, Bryan, for appellee.

WILSON, Justice.

Appellee sued to recover the balance alleged to be due from appellant on an account for premiums on insurance policies and bonds delivered by appellee as agent. Appellant denied the justness of the charges for one of the policies and a bond, and asserted affirmative defenses. Judgment as prayed for was rendered on a jury verdict.

Appellant contends there is no evidence the bond and policy were "reasonably worth" the sums charged therefor as alleged. Although there is such direct evidence, there was further uncontroverted proof that the premiums charged and the rates applied were those prescribed by the State Board of Insurance Commissioners. Articles 5.01, 5.03 et seq., Insurance Code, V.A.T.S. prohibit issuance of insurance at premium rates different from those so prescribed. Such rates, approved by the Board are required by the statute to be just and "reasonable". "Since the rates had been fixed by the State Insurance Commission, it was not essential that they be specifically agreed to by the parties." Pacific Fire Ins. Co. v. Donald, 148 Tex. 277, 224 S.W. 2d 204, 207; and the reasonableness of the charges was established by the evidence.

Appellant made no objection to the issues submitted, but assigns error to overruling of four objections to the charge which adopted "requests to charge", which in turn adopted refused requested issues.

Aside from questions as to whether the "objections" complied with Rules 272, 274, Texas Rules of Civil Procedure, and apart from the fact they were requested en masse with other intermingled, confusing and improper issues, the requested issues inquired how much, if anything, the policy and bond were worth "to defendant" and whether they were "of no value" to plaintiff-appellee. These were not ultimate issues. The further objection that the charge failed to submit any issue as to the value or worth of the coverage in question, called for the jury to express a conclusion concerning a collateral attack on validity of the rate-fixing orders of the Board of Insurance Commissioners. Such an issue could submit only an inquiry as to reasonableness, which was foreclosed by establishing without dispute that the rate charged was that fixed by the Board.

■ It is urged the Court erred in permitting appellee to offer further evidence after appellee rested its case in chief, and appellant moved for instructed verdict. The point is overruled. Rule 270. Affirmed.